BARNETT v VANDER TIL

1. NEGLIGENCE—STATUTES—VIOLATION—STANDARD OF CARE.

When a court adopts a penal statute as the standard of care in an action for negligence, violation of that statute establishes a prima facie case of negligence; if the finder of fact determines the party accused of violating the statute has established a legally sufficient excuse, the appropriate standard of care becomes that established by the common law.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—STATUTES—VIOLATION—STANDARD OF CARE—EXCUSE—TRIER OF FACT—DIRECTED VERDICT.

It is the function of the trier of fact in a negligence action in which a penal statute has been adopted as the standard of care to determine if a plaintiff has established a sufficient excuse for a violation of the statute; therefore, it was improper for a trial judge in a jury trial to direct a verdict for a defendant based on the plaintiff's contributory negligence as a matter of law because of the statutory violation, thereby usurping the function of the jury.

Appeal from Kent, Stuart Hoffius, J. Submitted November 8, 1977, at Grand Rapids. (Docket No. 77-483.) Decided December 8, 1977.

Complaint by William G. Barnett and Kathleen Barnett against Albert Vander Til and Doris M. Vander Til for damages for injuries resulting from an automobile accident. Judgment for defendants. Plaintiff appeals. Reversed and remanded for a new trial.

*Cholette, Perkins & Buchanan* (by *Grant J. Gruel*), for plaintiffs.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 57 Am Jur 2d, Negligence § 238 *et seq.*

*Allaben, Massie, VanderWeyden & Timmer,* for defendants.

Before: R. B. Burns, P. J., and D. E. Holbrook and R. B. Martin,* JJ.

R. B. Burns, P. J. This is an automobile negligence action wherein the trial judge found plaintiff William Barnett guilty of contributory negligence as a matter of law and directed a verdict of no cause for action on the plaintiffs' negligence count. A jury found no cause for action under plaintiffs' theory that defendants were liable for damages under the "last clear chance doctrine". Plaintiffs appeal. We reverse.

Plaintiff William Barnett was transporting boxes of freezer parts in his station wagon. The cargo area was full and a row of boxes was placed on the tailgate and secured by straps. As he was traveling westbound in the second lane of a five lane highway, a strong wind blew two of the boxes off the tailgate. No other cars were in sight and he backed up to the nearest box. He put his car in park and activated his emergency flasher light. After he retrieved the boxes and placed them back on the tailgate he began to resecure the load. He heard a screeching noise and that was the last thing he remembered.

Defendant Doris Vander Til testified that she was driving west in the second lane at a speed of between 40 and 45 miles per hour, and that when she first saw Mr. Barnett's car the emergency flashers were not visible as he was standing in front of one and a box blocked her view of the other one. She assumed that Mr. Barnett's car was moving and when she realized that his car was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

stopped she immediately applied her brakes but was unable to stop in time to avoid hitting him.

Defendants argued that they were entitled to a directed verdict because Mr. Barnett's violation of MCLA 257.672; MSA 9.2372, which prohibits stopping on the main traveled portion of a highway, made him guilty of contributory negligence as a matter of law. In directing the verdict of no cause for action on the negligence count the trial judge said:

"With regard to the * * * point as to whether or not he's guilty of negligence, it seems to me it is abundantly clear he is guilty of contributory negligence. He stopped his car on a five-lane highway and puts his flasher lights on and then walks back a distance of 40 feet the first time, 20 feet the second time to pick up two packages 16 × 16 × 22 inches when there were driveways available, there was a shoulder available, there was a Lane 3 available which was a left-turn lane, and it seems to me that the cause of action on negligence and contributory negligence is clear that he was guilty of contributory negligence, and I will direct a verdict on that. I will put the case to the jury solely on last clear chance."

Justice WILLIAMS, writing for the majority of the Court in *Zeni v Anderson,* 397 Mich 117, 143; 243 NW2d 270, 283 (1976), stated:

"An accurate statement of our law is that when a court adopts a penal statute as the standard of care in an action for negligence, violation of that statute establishes a prima facie case of negligence, *with the determination to be made by the finder of fact* whether the party accused of violating the statute has established a legally sufficient excuse. If the finder of fact determines such an excuse exists, the appropriate standard of care then becomes that established by the common law. Such excuses shall include, but shall not be limited to,

those suggested by the Restatement Torts, 2d, § 288A, and shall be determined by the circumstances of each case."[1] (Emphasis supplied.)

During the course of the trial plaintiff William Barnett testified as follows:

"A. * * * I had no driveways to turn into. The closest driveway on my right side was two or three hundred feet up the road. There was nothing on my left side, so I backed up to the closest box and got out of the car, turned the blinkers on, got out of the car and went to the furthest box away, picked it up and put it on the top tier where it belonged, went to the second box and put it on where it belonged. And I made the decision at that point to strap them down rather than try to make for the side of the road with it and have the possibility of them coming off again.

\* \* \*

"Q. You started to say that you had recognized that now with the boxes up there, you could have made a left turn and gotten off into the Laser driveway?

"A. As far as I can recall, that is correct.

"Q. Go ahead.

"A. The driveway wasn't there. I mean it seemed like it was further back. It was too far back for me to make a turn into it. It might have been possible at the point where I stopped the car, but it wasn't from where I started to back it up.

"Q. Why didn't you pull into Lane 3, as has been suggested by the defendant?

"A. Well, my thoughts were—I think I said the wrong thing again. If I were to go into Lane 3, the center lane, I would be blocking two lanes instead of one.

---

[1] These excuses include:

"(a) [T]he violation is reasonable because of the actor's incapacity;

"(b) he neither knows nor should know of the occasion for compliance;

"(c) he is unable after reasonable diligence or care to comply;

"(d) he is confronted by an emergency not due to his misconduct;

"(e) compliance would involve a greater risk of harm to the actor or to others." 2 Restatement of Torts 2d, § 288A, p 33.

"Q. You mean one with the car and one with the boxes?

"A. Right.

\* \* \*

"Q. You knew that directly off your left front, across three lanes, 30 feet or so, were two driveway entrances?

"A. In my position, it would have been almost impossible to turn into those driveways. I would have to back up further.

\* \* \*

"Q. After you put the boxes back on the tailgate, you could have gotten into your car and slowly turned and turned into one of these driveways, couldn't you?

"A. And the wind could have caught the top boxes and blown them off again, too, in that operation.

"Q. But there was no traffic coming at this time, was there?

"A. There was, apparently. There was traffic coming at that point in time, yes.

"Q. I'm asking what you saw.

"A. I didn't see any, no.

"Q. As far as you knew, there would be no hazard presented for any moving traffic to simply drive your car off into the driveway with the load loose but then tie it down in the driveway?

"A. I was taking the chance of leaving the boxes in the road again."

In our opinion the trial judge usurped the function of the jury. He should have allowed the jury to determine if plaintiffs had established a sufficient excuse for the violation of the statute.

Reversed and remanded for a new trial. Costs to plaintiffs.